402 A.2d 530

COMMONWEALTH of Pennsylvania

v.

William J. PALMER, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided April 20, 1979.

Donald P. Russo, Public Defender, Bethlehem, for appellant.

John J. Segata, Jr., Assistant District Attorney, Bethlehem, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Northampton County, Criminal Division, by the defendant-appellant, William J. Palmer, after conviction by a jury of driving under the influence. He was fined $350.00 as a result of the conviction.

On appeal, the defendant claims that there was insufficient evidence adduced at trial in order to establish his guilt beyond a reasonable doubt.

At 2:21 A.M. on the morning of July 9, 1977 a police officer of the Upper Mt. Bethel Township police department received a call concerning an accident on Route 611 in the Village of Mt. Bethel, just south of Middle Village Road. The officer responded to the call and arrived at the scene at 2:35 A.M. where he discovered a vehicle the front end of which was hanging off the roadway over an embankment. The officer saw two men standing near the rear portion of

the vehicle and asked them who the driver of the vehicle was. The defendant responded that he was the driver. He then asked the defendant for his driver's license and owner's card. Although he was able to produce these documents he had great difficulty extracting them from their normal resting place as he was staggering about and fumbling for the requested items. The officer also noticed a strong smell of alcohol while talking to the defendant and the defendant's voice was unsteady, wavering and muffled.

The officer then suggested that the defendant be seated in the police vehicle while he inspected the vehicle's damages. Defendant complied with this suggestion but then left the police vehicle twice and attempted to walk to his home which was a relatively short distance away. The officer had to bring him back to the vehicle both times and during the second episode the defendant threw a punch at one of the other officers who had arrived on the scene. At that point he was handcuffed.

At trial another officer testified that the guardrail where defendant's vehicle was found was dented, that the wheels of defendant's vehicle were still warm when he arrived at the scene, and that the guardrail and a metal pole had been damaged about one-quarter mile down the roadway from where they came upon defendant's vehicle. They found a portion of defendant's vehicle's chrome at that point and paint scrapings removed from that area matched the paint on defendant's vehicle.

Defendant claims that the foregoing evidence was insufficient to convict him to driving under the influence as a matter of law as no one actually saw him driving the vehicle or behind the steering wheel. The problem with this argument is that the defendant admitted that he was the operator of the vehicle to the investigating police officer and, of course, this admission is admissible at trial as an exception to the hearsay rule. *Logue v. Gallagher,* 133 Pa.Super. 570, 3 A.2d 191 (1939). However, defendant claims that the admission by the defendant that he was the operator of the vehicle amounted to a confession and that

the conviction was therefore invalid because the confession was introduced where the Commonwealth had failed to prove the corpus delicti of the crime beyond a reasonable doubt. With this contention we disagree. The Pennsylvania Motor Vehicle Code defines the crime of operating under the influence as follows:

"(a) A person shall not drive any vehicle while:
(1) under the influence of alcohol to a degree which renders the person incapable of safe driving: . . . ." [1]

To be guilty of the offense, which is a misdemeanor of the third degree, the person must have: (1) operated a vehicle while (2) under the influence which renders him incapable of safe driving. Operating a motor vehicle in and of itself is no crime. Being involved in an accident when operating a motor vehicle is no crime in and of itself. Operating a vehicle becomes a crime only when the person partakes in the endeavor while under the influence of alcohol to a degree which renders him incapable of safe driving. Therefore, when the officer asked of the two men near the damaged vehicle which one of them the operator was he was not asking them to confess to a crime. Had the officer asked the men which one of them "had operated the vehicle while under the influence", the question would have amounted to requesting a confession. But merely asking the identity of an operator of a vehicle is not asking for a confession even though this information later is used as an admission against interest when it was determined that the defendant was under the influence.

As the court below stated: "Thus, the defendant misconstrues the meaning of 'corpus delicti' for the rule makes no requirement that the accused be identified with the crime as a prerequisite to offering and having received in evidence statements made by him."

Therefore, whether proof of the corpus delicti of the crime need be established before a confession can be admitted into evidence in a misdemeanor case (a doubtful proposi-

1. 75 Pa.C.S.A. § 3731.

tion at best) or not we need not address that issue here because we hold that the statement made by defendant did not amount to a confession. When the defendant stated that he was the operator of the vehicle it became incumbent upon the Commonwealth to prove that he was doing so under the influence of alcohol or other intoxicants at the time of such operation.[2] This he did to the jury's satisfaction.

Judgment of sentence affirmed.

VAN der VOORT, J., concurs in the result.

---

2. See *Commonwealth v. Kendrick,* 70 D. & C. 366 (1949).