584 A.2d 347

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel Webster HOGANS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 7, 1990.

Filed Dec. 21, 1990.

Russell Montgomery, Altoona, for appellant.

David Gorman, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from a judgment of sentence imposed upon Appellant, Daniel Webster Hogans (hereinafter "Appellant"), for two counts of Driving Under the Influence of Alcohol, 75 Pa.C.S.A. 3731.[1] Appellant was convicted following a non-jury trial. A motion for new trial and in arrest of judgment was denied. We affirm.

On January 28, 1989, Patrolmen Russell Wesley II and Officer Christopher Cohn responded to a report of an accident on a three-lane expressway. Upon arriving at the scene of the incident they found Appellant standing beside his overturned vehicle. Appellant indicated that he was the driver of the vehicle. The officers observed Appellant's demeanor and decided to administer field sobriety tests.[2] They concluded, as did the court, that Appellant was the driver of the vehicle, and that he was under the influence of alcohol.[3]

Appellant, who claims the existence of a reasonable doubt, challenges the sufficiency of evidence upon which his

1. Appellant was sentenced to pay the costs of prosecution, paying the Commonwealth $350.00 for use of the county, incarceration for not less than 2 days and no more than 18 months, and subsequent parole subject to certain conditions.

2. Appellant also agreed to a blood alcohol test, which was administered at a nearby hospital. The content of alcohol in his blood was determined to be .266%. Appellant stipulated to the admission of these test results.

3. In addition to this evidence, also before the court was the testimony of two witnesses who stated that they had seen Appellant enter the vehicle with another person—who was the driver—approximately one-half hour before the accident.

conviction was based. The essence of his position is found in the observation that:

The Commonwealth's case here was based on the circumstantial evidence that Daniel Webster Hogans was found at the scene of the accident and his admission to the arresting officers that he was the driver of the vehicle. No witness observed Daniel Webster Hogans driving the vehicle. In fact, two witnesses testified that Daniel Webster Hogans was not the driver.

Appellant's Brief, at p. 7.

Accordingly, we must address the issue of evidence sufficiency. When considering this claim in the criminal context we view all of the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Grayson*, 379 Pa.Super. 55, 549 A.2d 593 (1988), and all reasonable inferences are then drawn in the same light. *Id.*

It appears from the record that the most compelling evidence in Appellant's favor came from two witnesses who saw Appellant being driven as a passenger in the vehicle in question. It is hornbook law, however, that the court, as the finder of fact, was entitled to weigh the credibility of this testimony. Moreover, as pointed out by the Commonwealth, this evidence dealt with who was driving the vehicle in question some one-half hour before the time of mishap, and not at the actual time that the incident for which Appellant was convicted of occurred. As such, it follows that, when viewed in the light most favorable to the Commonwealth, the evidence *in toto*—the testimony of the aforementioned two witnesses notwithstanding—is indeed sufficient enough upon which to base a conviction.[4]

4. Appellant relies upon *Commonwealth v. Wilson*, 225 Pa.Super. 513, 312 A.2d 430 (1973), a case "virtually identical to the case at bar ..." Appellant's Brief, at p. 7. *Wilson* is a plurality opinion where four of seven judges agreed that the evidence adduced at trial *was* sufficient to establish defendant's guilt. Judge Spaeth joined the grant of a new trial only because he believed the admission by defendant that he was driving the vehicle was made after an illegal arrest. *Wilson* is not, therefore, any support for this Appellant's insufficiency claim.

■ Appellant next contends that the court erred in allowing the police officers to testify regarding his admission.[5] He claims that the corpus delicti of the crime must be established before a defendant's admission is introduced. Appellant opines that the evidence is equally consistent with lack of criminality, as well as with criminality, and concludes that no corpus delicti has been established apart from the admission, and that its introduction, as such, was erroneous.

We first note that Appellant advances a correct statement of Pennsylvania law. As articulated in the capsule summary of Pennsylvania authority found in Packel & Poulin, *Pennsylvania Evidence* (1987), § 424 Corpus Delicti, pp. 280–281:

> The Pennsylvania courts have long applied the rule that "a criminal conviction may not be based on the extra-judicial confession or admission of the defendant unless it is corroborated by independent evidence establishing the corpus delicti". "Corpus delicti" means "body of the crime." The corpus delicti consists of the occurrence of a loss or injury, and some person's criminal conduct as the source of that loss or injury. Courts have stated that "[p]roof that the accused was the perpetrator of the crime is not required." ... The crucial determination in applying the corpus delicti rule is whether, at the close of the case, the proof of the corpus delicti was sufficient to permit the fact finder to consider defendant's admission or confession. [Citations omitted].

More specifically, two elements combine to establish the corpus delicti of driving under the influence. They are: (1) someone must be in control of a vehicle, and (2) that same person must be under the influence of alcohol at the time. 75 Pa.C.S.A. § 3731.[6] As noted above, the second of these

5. Upon the arrival of the officers, Appellant identified himself as the driver of the vehicle.

6. We also cite with approval the well-written and instructive lower court discussion found in *Commonwealth v. Leo*, 36 Cumberland LJ 225 (1985).

two elements was established by virtue of field sobriety tests, as well as a blood alcohol test, agreed to by Appellant. As such, our focus turns to control of the vehicle. We conclude that the Commonwealth presented ample evidence with regard to this element in order to have allowed the fact-finder to consider Appellant's admission. As articulated above, the facts reveal the following: The police were summoned to investigate the report of an accident. Upon their arrival, they found Appellant standing beside his vehicle. The vehicle was on its side. There were two other vehicles in the vicinity with people in them, as well as other individuals milling about in the area.[7]

It is axiomatic that circumstantial evidence alone may be used to prove the corpus delicti. *Commonwealth v. Herman*, 288 Pa.Super. 219, 431 A.2d 1016 (1981). It follows that the above facts adequately establish Appellant's control of the vehicle for purposes of satisfying the corpus delicti rule of evidence. "In establishing the corpus delicti, the Commonwealth does not have to prove beyond a reasonable doubt that a crime was committed. The Commonwealth must only prove beyond a reasonable doubt that the injury or loss is consistent with a crime having been committed." 27 Stand.Pa.Prac.2d, § 135:112. We hold that the facts of the instant appeal are consistent with the commission of the offense charged, and that the corpus delicti has been thereby established, thus permitting admission of Ap-

7. The Commonwealth asserts that: "At [the officers'] eventual arrival at the scene of the accident the defendant was standing beside his vehicle with the vehicle on its side. *There was no one else around the vehicle at the time ...*" [emphasis added] Commonwealth Brief, at p. 5. This is somewhat contradicted by the testimony of Patrolman Russell Wesley II:

There were two other vehicles that were there with people in them, Mr. Hogans's son and I'm not sure if it was his wife or not were there, myself, Officer Cohn and Officer Liepold arrived, and there were other people there also walking and milling around. [Trial Transcript, p. 8].

Patrolman Cohn testified that:

There was one person standing *in the immediate vicinity of the area* [emphasis added], and there were several other parties on the 18th Street off ramp near the second vehicle. [Trial transcript, p. 19].

pellant's inculpatory statement.[8]

The judgment of sentence is affirmed.

---

**8.** As noted in Packel & Poulin, *Pennsylvania Evidence* (1987), § 424 Corpus Delicti, p. 280: "The corpus delicti rule is 'rooted in a hesitancy to convict one of crime on the basis of his own statements only.'" [Citation omitted].