590 A.2d 1282

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth B. FORMAN, Appellant.**

Superior Court of Pennsylvania.

Argued April 4, 1991.

Filed May 13, 1991.

Stuart M. Golant, Towanda, for appellant.

Albert Ondrey, Asst. Dist. Atty., Towanda, for Com.

Before JOHNSON, HUDOCK and CERCONE, JJ.

JOHNSON, Judge.

We are asked to consider whether the corpus delicti rule, which prohibits criminal convictions based solely upon a confession of the accused, applies to proceedings involving summary offenses. We hold the rule applicable and accordingly reverse judgment of sentence and direct that the defendant be discharged.

At the conclusion of a trial *de novo* in the Court of Common Pleas of Bradford County, Kenneth B. Forman was found guilty of the summary offense of Unlawful Use of Lights While Hunting, 34 Pa.C.S. § 2310(a)(2). He was immediately sentenced to pay a fine of $600.00 and costs. The Honorable John C. Mott then advised Forman of his post-verdict rights and stated that the sentence would become effective only after the denial of any post-verdict motions, if filed. Forman appeals from the denial of his post-verdict motions, filed after sentencing.

At trial, Officer Daniel Reynolds of the Sayre Police Department testified that on November 11, 1989, he stopped Forman because a tail light on the truck that he was driving was not functioning. Officer Reynolds testified that he observed a .22 rifle on the front seat of the truck between two passengers, and that he directed the four occupants to exit the vehicle. Officer Reynolds testified that, after the occupants left the vehicle, he observed what appeared to be blood on the floor mat on the passenger's side. He testified that, upon searching the vehicle, he also found a knife, a spot light, a flashlight, one live .22 cartridge, and one spent .22 cartridge. Officer Reynolds also testified that he discovered a box of 20–gauge shotgun shells in the rear of the vehicle, as well as a tarp with what appeared to be hair and more blood. Officer Reynolds testified that he called his dispatcher and asked that the Game Commission be contacted.

Wildlife Conservation Officer William Bower of the Pennsylvania Game Commission was qualified as an expert in the field of deer hair identification. He testified that he arrived at the scene at approximately 11:00 p.m., and that

he observed what appeared to him to be blood and deer hair in the back of the truck. One hair, and a paper towel with some of the substance which appeared to be blood, were entered into evidence. Officer Bower testified that, in his opinion, that hair was deer hair. Officer Bower further testified that Forman had been advised of his *Miranda* rights, and admitted to killing a deer with a 20–gauge shotgun and the aid of his vehicle's headlights two nights earlier.

Wildlife Conservation Officer Richard Larnerd of the Pennsylvania Game Commission testified that he had read *Miranda* warnings to Forman, who answered the questions. Officer Larnerd testified that he asked Forman what he knew about the deer hair and deer blood in the back of the truck, and that Forman stated "I killed the deer. Just give me the citation." Officer Larnerd testified that Forman admitted to having killed the deer a couple days prior. He also testified that Forman admitted to using headlights on his pickup truck and a 20–gauge shotgun with slugs to kill the deer. When asked about Forman's clothing that night, Officer Larnerd testified that they were covered with blood and hair. Officer Larnerd also testified that Forman admitted to having a hind quarter of the deer at his house and that the rest had been given away.

We first consider Forman's contention that the corpus delicti rule was not satisfied, and that therefore his confession was not properly admissible at trial. The initial issue for our consideration is whether the corpus delicti rule is applicable to proceedings on summary offenses.

Pennsylvania courts apply the rule that "a criminal conviction may not stand merely on the out of court confession of one accused, and thus a case may not go to the fact finder where independent evidence does not suggest that a crime has occurred." *Commonwealth v. Edwards*, 521 Pa. 134, 144, 555 A.2d 818, 823 (1989); *Commonwealth v. Byrd*, 490 Pa. 544, 566, 417 A.2d 173, 179 (1980). As stated by our Supreme Court:

[t]his rule is rooted in a hesitancy to convict one of crime on the basis of his own statements only.

> "The grounds on which the rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed...."

*Commonwealth v. Turza,* 340 Pa. 128, 134, 16 A.2d 401, 404 (1940).

*Commonwealth v. Ware,* 459 Pa. 334, 365–66, 329 A.2d 258, 274 (1974). *Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967), illustrates one of the justifications for this rule. In that case, our Supreme Court reversed a conviction for arson where no evidence other than the defendant's confession had been presented that a fire had been the result of arson. It was noted that Leslie had, on a previous occasion, confessed to crimes which further investigation proved to be false. *Leslie,* 424 Pa. at 333, n. 1, 227 A.2d at 902, n. 1.

Several Pennsylvania courts have suggested that the rule applies primarily in felony prosecutions. *Commonwealth v. Palmer,* 265 Pa.Super. 462, 465–66, 402 A.2d 530, 532 (1979) (applicability of rule in misdemeanor case is "doubtful proposition at best"); *Commonwealth v. Gerhart,* 93 Montg. 10 (1970) (rule not applicable to summary offenses); *Commonwealth v. Quick,* 15 Pa.Dist. 260, 31 Pa.Co. 541 (1905) (reason for rule does not exist in misdemeanor and violations of police regulations). However, in *Commonwealth v. Krzesniak,* 180 Pa.Super. 560, 119 A.2d 617 (1956), an *en banc* panel of this court stated by way of dictum that the "classification of crimes as felonies or as misdemeanors is most illogical in Pennsylvania, and in general we will ... require proof of the corpus delicti on charges of misdemeanors as a prerequisite to the admission of a defendant's confession." *Krzesniak,* 180 Pa.Super. at 565–66, 119 A.2d at 619. And in *Commonwealth v. Brogan,* 270 Pa.Super 197, 411 A.2d 248 (1979), our court applied the rule to a summary offense without comment.

We believe that the primary purpose of the rule is to protect against unjust convictions that might result from coercion, confusion or mental illness, and that this concern is involved in all criminal trials, whether the offenses are classified as summary, misdemeanor or felony. Further, the rule may be especially important where an accused has no counsel or cannot have one appointed, as is often the case in lesser offenses. Finally, the language of the rule, as stated by our Supreme Court, encompasses "criminal convictions," not merely "felony convictions." *See, e.g., Byrd,* 490 Pa. at 556, 417 A.2d at 179 (1980) ("a criminal conviction may not stand merely on the out of court confession of one accused...."). Accordingly, we hold that the corpus delicti rule is applicable to criminal proceedings involving only summary offenses. We know of no authority, nor any rationale, which would compel a contrary result.

We turn to the instant case to determine whether the requirements of the rule were satisfied. As stated, the corpus delicti rule prohibits a case from going to the jury "where independent evidence does not suggest that a crime has occurred." *Edwards, supra,* 521 Pa. at 144, 555 A.2d at 823; *Byrd,* 490 Pa. at 556, 417 A.2d at 179 (1980). That evidence must be sufficient to establish a corpus delicti, which consists of two elements: the occurrence of a loss or injury, and some person's criminal conduct as the source of that injury. *Ware, supra,* 459 Pa. at 365, 329 A.2d at 274 (1974) (citing 7 Wigmore, Evidence § 2072 at 401 (3d ed. 1940)); *Leslie, supra.* While the burden of establishing the corpus delicti "is not equivalent to the Commonwealth's ultimate burden of proof [and] the Commonwealth need not prove the existence of a crime beyond a reasonable doubt" in order to introduce an incriminating out-of-court statement, *Edwards,* 521 Pa. at 144, 555 A.2d at 823; *Byrd,* 490 Pa. at 556, 417 A.2d at 179, the evidence of a corpus delicti is insufficient if it is merely equally consistent with non-criminal acts as with criminal acts. *Byrd,* 490 Pa. at 556, 417 A.2d at 179 (*citing Leslie*).

In this case, Forman was charged under a section of the Game and Wildlife Code which states, in pertinent part:

### § 2310. Unlawful use of lights while hunting

**(a) General rule.**—[I]t is unlawful for any person or group of persons to engage in any of the following activities to any degree:

(2) Aid, assist or conspire either in the killing or taking or in an attempt to kill, take, possess, transport or conceal any game or wildlife or a part thereof which has been killed or taken by use of any artificial light.

34 Pa.C.S. § 2310(a)(2). The Commonwealth's evidence of the loss or injury element of the corpus delicti consisted of 1) what appeared to be blood in the truck and 2) a deer hair. Although the corpus delicti may be proved by circumstantial evidence, *Commonwealth v. Smallwood*, 497 Pa. 476, 442 A.2d 222 (1982), this evidence fails to establish a "loss or injury" in satisfaction of the *Byrd* and *Leslie* standard. This evidence also fails to demonstrate the "criminality" element; indeed, the evidence does not even suggest that, if a deer was killed, it was done illegally. The evidence presented by the Commonwealth, considered in the absence of Forman's admissions, was insufficient to carry the burden of demonstrating that a crime had, in fact, occurred. Accordingly, we reverse judgment of sentence, and remand this case to the trial court with directions to enter an order arresting the judgment and discharging Forman. *Commonwealth v. Moyer*, 277 Pa.Super. 172, 419 A.2d 717 (1980).

Our resolution of the corpus delicti issue renders consideration of Forman's other issues unnecessary. Nevertheless, we address the sentencing procedure employed by the trial court, if only by way of dictum.

The trial court in this case immediately imposed sentence at the conclusion of the trial, before post-verdict motions were filed or decided. This was done over the objection of defense counsel, who referred the court to Pa.R.Crim.P. 1123. Summary Appeal Trial Transcript, April 30, 1990, pages 96–100. In his opinion, Judge Mott states that "[t]his

has been the long-standing practice of the present and former judges of this Court when hearing summary cases," and that it "complies with Rule 83(d)" of the Pennsylvania Rules of Criminal Procedure. Opinion of September 25, 1990, at 2.

Contrary to the Opinion of Judge Mott, Rule 83 applies to summary proceedings only, and not to *de novo* trials resulting from appeals therefrom. We have held that *de novo* proceedings must comply with general post-verdict rules. *Commonwealth v. Adame,* 363 Pa.Super. 405, 408, 526 A.2d 408, 409–10 (1987); *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987) (opinion by Popovich, J., with Montgomery, J. concurring in result, and Brosky, J. dissenting). In *Ragoli,* we stated:

> At this time we would point out that the procedure employed by the court below in imposing sentence prior to the disposition of post-verdict motions is in contravention of settled practice in this area of procedural law. See Comment to Pa.R.Crim.P. 1123, which reads:
>
>> Post-verdict motions must be decided before sentencing, because the appeal lies from the final order of the trial court, which ordinarily includes sentence. See Judicial Code, 42 Pa.C.S. §§ 102, 722, 742, 5105(a). See also, *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977).
>
> The implementation by the court below of a procedure ostensibly at odds with accepted practice created the anomalous situation in which once the sentence was "imposed" ... the appellant had thirty (30) days therefrom to perfect an appeal. See Pa.R.App.P. 903(a). Yet the court below attempted to avoid this result by "suspending" sentence pending the filing and disposition of post-verdict motions.
>
> . . . . .
>
> In the future, to avoid this procedural entanglement which does little to advance the interests of the judiciary and the litigants, the disposition of post-verdict motions must precede the imposition ("suspended" or otherwise)

of the judgment of sentence. See *Commonwealth v. Pringle,* 304 Pa.Super. 67, 450 A.2d 103 (1982); *Commonwealth v. Williams,* 290 Pa.Super. 158, 434 A.2d 179 (1981).

*Ragoli,* 362 Pa.Super. at 395–96, n. 2, 524 A.2d at 935–6, n. 2 (1987). We have further articulated the problems that are created by failing to adhere to this procedure in other cases. *See, e.g., Commonwealth v. Eliason,* 353 Pa.Super. 321, 509 A.2d 1296 (1986), *alloc. den.* 517 Pa. 592, 535 A.2d 81 (1987); *Commonwealth v. Bradley,* 381 Pa.Super. 528, 554 A.2d 127 (1989); *Commonwealth v. Hurst,* 367 Pa.Super. 214, 532 A.2d 865 (1987). We reaffirm the position we took in those cases, and express our disapproval of the procedure followed by the trial court here.

Judgment of Sentence reversed. Case remanded with directions to arrest judgment and discharge the appellant.