626 A.2d 176

**COMMONWEALTH of Pennsylvania**

v.

**Linda M. BUCK, Appellant.**

Superior Court of Pennsylvania.

Submitted March 9, 1993.

Filed May 28, 1993.

Jay Stillman, Asst. Public Defender, Williamsport, for appellant.

Robert W. Ferrell, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before CIRILLO, POPOVICH and HESTER, JJ.

HESTER, Judge.

Linda M. Buck appeals from the judgment of sentence of fines imposed after she was found guilty of driving with a suspended license and without registration or insurance. As we conclude that appellant improperly was convicted based solely on a statement that she gave to police, we are constrained to vacate the judgment of sentence.

The evidence at appellant's statutory appeal proceeding was as follows. Pennsylvania State Police Trooper Thomas A. Brelsford, the sole witness, testified as follows. On Friday October 25, 1991, he was called to investigate an incident in the Elimsport area of Lycoming County. He interviewed appellant as a possible witness. He asked her how she arrived at the area. When Officer Brelsford began to testify about appellant's response to this question, defense counsel objected based upon the application of the corpus delicti rule.

28

The Commonwealth informed the trial court that the corpus delicti rule was not applicable to summary offenses. The objection was overruled and Officer Brelsford was permitted to state that "[appellant] advised that she had driven to the general area. I asked her what time and she said between 9:00 and 9:30, the previous day.... She said she parked her car in Elimsport off Route 44, in a church in Elimsport." Notes of Testimony, 5/4/92, at 6. At the time, appellant was not standing near her car. She had no keys in her hand, and no one testified that they observed her driving the car.

Trooper Brelsford subsequently was informed by another trooper that appellant's driving privileges had been suspended. He performed a computer check on appellant's name, and the check indicated that her license had been suspended. The officer then went to see if the car was parked where appellant had described. It was there, and Officer Brelsford discovered that the vehicle was not registered or insured. Citations were issued, appellant was found guilty by a magistrate of the summary offenses described above, and she appealed. This appeal followed the common pleas court's decision, following the de novo hearing, that appellant was guilty of the charges.

Appellant contends that she was convicted improperly solely on the basis of her own statements, and the Commonwealth failed to establish the corpus delicti of the crimes at issue prior to introduction of the statements. We agree and vacate the judgment of sentence.

█ In this case, the trial court, relying upon *Commonwealth v. Palmer*, 265 Pa.Super. 462, 402 A.2d 530 (1979), held that the corpus delicti rule does not apply to summary convictions. This is erroneous. In *Commonwealth v. Forman*, 404 Pa.Super. 376, 590 A.2d 1282 (1991), we held that the corpus delicti rule, which prohibits criminal convictions based solely upon a defendant's confession, applies to proceedings involving summary offenses.

█ The corpus delicti rule provides that "a criminal conviction may not stand merely on the out of court confession of one accused, and thus a case may not go to the fact finder

where independent evidence does not suggest that a crime has occurred." *Commonwealth v. Edwards,* 521 Pa. 134, 144, 555 A.2d 818, 823 (1989). The rule is grounded in the reluctance of our system to convict a person of a crime solely on the basis of his own statements. The rule does not require that the existence of a crime be proved beyond a reasonable doubt prior to admission of the confession but is satisfied where independent evidence, beyond the statement of the accused, suggests that a crime has occurred. *Id.*

█ In the present case, there was no independent evidence presented to suggest that the crimes were committed. Appellant was not standing close to her car; it was parked in a different location. No witness was presented who observed appellant driving. She was convicted solely on the basis of her statement, made during the course of a criminal investigation of a different incident, that she drove to the area the day prior to the incident.

█ The Commonwealth suggests that appellant's statement is not subject to the corpus delicti rule under the analysis contained in *Commonwealth v. Palmer, supra,* because the statement was not an admission to each element of the crimes at issue. In *Palmer* we stated that an admission by a defendant that he drove a car was not a confession and was not subject to the corpus delicti rule because it was not an admission to the crime of driving while under the influence in that the defendant did not admit to driving and drinking. In the present case, like the defendant in *Palmer,* appellant admitted that she was driving but did not admit that her car was uninsured or unregistered. Thus, it was argued the holding in *Palmer* applies.

While *Palmer* does hold that a statement which does not constitute an admission to each element of the crime is not subject to the corpus delicti rule, it is clear that *Palmer* is incorrect under controlling Pennsylvania Supreme Court precedent decided after *Palmer.* In *Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982), our Supreme Court *clearly* held that the corpus delicti rule applies to any "state-

ment" made by the accused. Furthermore, the rule routinely is applied to *any* statement which is inculpatory in nature, and the statement need not be an admission to each element of the charged crime to be subject to it. *E.g., Commonwealth v. Hogans,* 400 Pa.Super. 606, 584 A.2d 347 (1990) (where defendant admitted that he drove a car but not that he was intoxicated, we analyzed whether the corpus delicti rule had been satisfied prior to admission of the statement).

Furthermore, *Palmer* clearly is distinguishable because in that case, the corpus delicti *was* established through independent evidence, and the defendant was not convicted solely on the basis of his own statement. In *Palmer*, police were called to an accident scene where they discovered a vehicle hanging off the roadway over an embankment. Two men were at the scene, and the defendant was observed staggering, fumbling for items, and with a strong odor of alcohol on his breath. He admitted to driving the car. Clearly, a corpus delicti was present in that case—there was independent evidence to *suggest* that the crime of driving while under the influence was committed based upon the unexplained single-car accident and the presence of defendant, who appeared intoxicated, next to the car.

In the present case, appellant was convicted of these crimes solely on the basis of her own vague statement. No one saw her driving the vehicle. There was not a shred of independent evidence to demonstrate that appellant committed a crime other than her own statement, voluntarily offered to aid police in another criminal investigation, that she drove to the area the previous day. Her convictions cannot stand.

Judgment of sentence reversed and case remanded with directions to arrest judgment.