J-S32021-24

2025 PA Super 9

| | | |
|---|---|---|
| IN THE INTEREST OF: K.D.-Z., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: K.D.-Z., MINOR | : | |
| | : | No. 928 EDA 2024 |

Appeal from the Dispositional Order Entered February 22, 2024
In the Court of Common Pleas of Monroe County
Juvenile Division at No:  CP-45-JV-0000111-2023

BEFORE:  LAZARUS, P.J., STABILE, J., and KING, J.

OPINION BY STABILE, J.:                         **FILED JANUARY 15, 2025**

Appellant, K.D.-Z. (the juvenile), seeks review of a dispositional order entered by the Court of Common Pleas of Monroe County (juvenile court).  In 2023, the juvenile was adjudicated delinquent as to the offenses of involuntary deviant sexual intercourse; aggravated indecent assault; statutory sexual assault; and sexual assault.  He now asserts that the subject order must be vacated because the adjudications resulted from the juvenile court's erroneous consideration of nonverbal hearsay statements, and the juvenile's own confession was the only evidence that any crimes had been committed.  Finding merit in these claims, we vacate the juvenile court's dispositional order.

On May 1, 2023, the juvenile was a 12 year-old dependent child residing with his foster parents, Jonetta Audubor and Isaac Audubor.  The juvenile's younger brother, N.D., also resided in the home, and that time, N.D. was

about four years old. The two brothers slept in different beds within the same room on the second floor of the Audubor's home.

On the evening in question, the Audubors heard loud noises coming from the brothers' room. Mr. Audubor went upstairs to check on the boys, and when he opened the door to their room, he saw that the juvenile was in N.D.'s bed with him. The juvenile was seen quickly jumping into his own bed upon being discovered, as the brothers had been told on previous occasions that they were not allowed to sleep in each other's beds together. Mr. Audubor asked the juvenile why he was in N.D.'s bed. No response was given, and believing that the matter had been attended to, Mr. Audubor went back downstairs.

However, since it was past the brothers' bedtime, and it was a school night, Mrs. Audubor called up to the juvenile and N.D., asking them to come downstairs to the living room. The boys did so, at which point they were asked why they were not yet asleep. The juvenile did not answer. N.D., who could not yet speak at that time, responded by lowering his pants and using hand movements which appeared to the Audubors as gestures depicting oral sex. *See* N.T. Trial, 12/11/2023, at 20-21.[1]

Mrs. Audubor then asked the juvenile if he had performed the act referred to by N.D.'s gesture, and he initially denied having done so. But

---

[1] The Audubors testified that, for unknown reasons, N.D. suffered from delayed speech and language development which rendered him mute. They testified that he had the mental capacity to understand the words spoken to him at the level expected of a child of N.D.'s age.

when Mrs. Audubor threatened to review (non-existent) video footage of the boys' room, the juvenile said, "No. No. No. Don't do that. I did it." *Id.*, at 22. Mrs. Audubor then called the Monroe County Children and Youth Office (the Agency) to report what had transpired and have the juvenile removed from her home.

The juvenile was soon removed, and the Commonwealth alleged in a delinquency petition that he had committed the offenses of involuntary deviate sexual intercourse (18 Pa.C.S.A. § 3123(a)(7)); aggravated indecent assault of a child (18 Pa.C.S.A. § 3125(b)); statutory sexual assault on a victim under the age of 16 (18 Pa.C.S.A. § 3122.1(a)(1)); sexual assault (18 Pa.C.S.A. § 3124.1)); and indecent exposure (18 Pa.C.S.A. § 3127(a)).

Prior to trial, the juvenile moved to suppress the nonverbal statements N.D. made to the Audubors, and the motion was denied. A Tender Years[2] hearing was not sought, much less held, as to those statements, and no advance notice was given by the Commonwealth which would indicate that it intended to introduce them. When the Commonwealth elicited testimony from Mrs. Audubor at the subsequent adjudicatory hearing regarding what N.D. had told her, the juvenile objected on hearsay grounds. Further, the juvenile

---

[2] Under the Tender Years Hearsay Exception, codified at 42 Pa.C.S.A. § 5985.1, the relevant and reliable hearsay statements of a child under the age of 16 may be admissible if the child either testifies at the proceeding, or is found to be unavailable as a witness. The proponent of such a statement has the burden of notifying the adverse party of its intent to present it so that there is a fair opportunity to challenge the statement's relevance and reliability. *See id*.

- 3 -

argued that N.D.'s nonverbal gestures could not be used to corroborate his confession because it would amount to inadmissible hearsay introduced to prove the truth of the matter asserted. **See** N.T. Trial, 12/11/2023, at 21-22, 34.

The juvenile court overruled the objection and admitted Mrs. Audubor's testimony as to what N.D. nonverbally communicated to her. **See id**., at 22.[3] In doing so, the juvenile court referred offhandedly to hearsay exceptions which the Commonwealth had never invoked – "existing state of mind, a motion sensation, or physical condition . . . [m]aybe possibly, even excited utterance if it's immediately thereafter[.]" N.T. Trial, 12/11/2023, at 38-39.

At the conclusion of the adjudicatory hearing, the juvenile was found delinquent as to all of the alleged offenses except for the count of indecent exposure. A dispositional hearing was held on February 22, 2023, at which time the juvenile was placed on an indefinite period of probation. The juvenile timely appealed, and he satisfied the requirements of Pa.R.A.P. 1925. The juvenile court then entered a 1925(a) opinion ostensibly giving the reasons why its order should be upheld. **See** Juvenile Court 1925(a) Opinion, 4/11/2024, at 4-8.

Notably, though, the juvenile court acknowledged some potential defects in its evidentiary rulings, as well as the sufficiency of the evidence:

---

[3] Mrs. Audubor was also permitted to physically demonstrate the hand movements made by N.D. **See** N.T. Trial, 12/11/2023, at 21.

The Juvenile next asserts an error in failing to exclude the admission of the Juvenile made to Mrs. Audubor without admissible corroborating evidence in violation of the *corpus delicti* rules, and in adjudicating the Juvenile delinquent based upon his admission without admissible corroborating evidence under 42 Pa.C.S.A. § 6338(b) . . . .

Admittedly, the court cannot consider N.D.'s non-verbal conduct as admissible corroborating evidence, because without a Tender Years hearing and applicable exception, the testimony [regarding the non-verbal conduct] is hearsay [if] offered for the truth of the matter asserted. Instead, the court must rely on the other testimony of the foster father about the noise he heard, finding the Juvenile in N.D.'s bed and the Juvenile jumping to his own bed as the foster father entered the room, as sufficient evidence to corroborate the Juvenile's admission. ***Candidly, the court also considered the nonverbal conduct of N.D. to the foster mother as additional corroboration of the crimes at the time of adjudication. Absent that consideration, there may not be enough evidence herein to overcome the limitations of the corpus delicti doctrine and 42 Pa.C.S.A. Section 6338(b).*** We leave that determination to the Pa. Superior Court since we lack jurisdiction at this time for further action.

***Id***., at 8 (emphasis added).

Further, as to whether N.D.'s nonverbal statements were admissible, the juvenile court for the first time suggested in its opinion that the statements were non-hearsay if used to demonstrate an effect on the listener, Mrs. Audubor. ***See id***., at 6-7. The juvenile court reasoned that the nonverbal statements were relevant as to why Mrs. Audubor felt compelled to question the juvenile about whether he performed oral sex on N.D., and how the juvenile's confession was obtained. ***See id***. While recognizing the limited relevance of the statements, the juvenile court candidly admitted that they were considered as "corroboration of the crimes at the time of adjudication." ***See id***., at 8.

- 5 -

In the juvenile's brief, he now asserts three issues for our consideration:

1. Did the [Juvenile] Court commit an error of law where it did not exclude the hearsay testimony of the non-verbal statement of the complaining witness?

2. Did the [Juvenile] Court commit an error of law where it improperly admitted the Juvenile's admission into evidence where there was not sufficient independent corroborating evidence of criminal conduct?

3. Did the [Juvenile] Court commit an error of law where it adjudicated [the juvenile] delinquent on the basis of [his] admission, in violation of 42 Pa. 6338(b)?

Appellant's Brief, at 4 (suggested answers omitted). Each issue will be addressed below in turn.

First, the juvenile argues that the nonverbal hand gestures of N.D. were erroneously admitted hearsay statements.

Hearsay is defined in the Pennsylvania Rules of Evidence as a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). A "statement" is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Pa.R.E. 801(a). Hearsay is inadmissible unless an applicable exception is provided for by rule or statute. **See** Pa.R.E. 802.

The proponent of a hearsay statement has the burden of identifying the appliable exception and convincing the court that the exception applies. **See Commonwealth v. Smith**, 681 A.2d 1288, 1290 (Pa. 1996). The admissibility of evidence is "within the sound discretion of the trial court . . .

[and] we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion." ***Commonwealth v. Brown***, 52 A.3d 1139, 1197 (Pa. 2012). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Mendez***, 74 A.3d 256, 260 (Pa. Super. 2013).

"[I]f in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error." ***Commonwealth v. Weakley***, 972 A.2d 1182, 1188 (Pa. Super. 2009) (quoting ***Commonwealth v. Phillips***, 700 A.2d 1281, 1284 (Pa. Super. 1997)). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." ***Commonwealth v. Yockey***, 158 A.3d 1246, 1254 (Pa. Super. 2017)(quoting ***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012)).

Here, the Commonwealth sought to introduce the Audubors' interpretation of hand gestures made N.D., who was four years old and mute at the relevant times. There is no dispute that N.D.'s hand gestures were intended as assertions, making them statements for the purposes of the hearsay rule. The proponent of the statements – the Commonwealth – never timely sought to establish that any exceptions to the hearsay rule applied.

In its brief, the Commonwealth's only argument on this issue is that the juvenile court did not err in admitting N.D.'s nonverbal statements because

the Tender Years hearsay exception would have applied if it had been invoked. ***See*** Appellee's Brief, at 5; ***see also*** 42 Pa.C.S.A. § 5985.1 (providing that the relevant and reliable hearsay statements of a child under the age of 16 may be admissible if the child either testifies at the proceeding, or is found to be unavailable as a witness.).

However, the burden was on the Commonwealth to invoke an applicable exception to the prohibition on hearsay at the time it sought to admit N.D.'s statements. ***See Commonwealth v. Crossley***, 711 A.2d 1025, 1028 (Pa. Super. 1998). And as the juvenile court correctly noted, "the Commonwealth filed no notice, either general or specific, to put the juvenile on notice that an exception to the hearsay rule would be sought due to N.D.'s young age." Juvenile Court 1925(a) Opinion, 4/11/2024, at 6.

The juvenile court nevertheless suggests in its 1925(a) opinion that N.D.'s nonverbal gestures were admissible as non-hearsay because they were relevant as to the effect they had on the listener, Mrs. Audubor. ***See id***., at 7. An out-of-court statement may be admissible on that basis only when "no assertive or testimonial use is sought to be made of the content of the utterances." ***Commonwealth v. Smith***, 568 A.2d 600, 609 (Pa. 1989). Such statements do not implicate the prohibition on hearsay because they are strictly introduced for a purpose other than proving the truth of matter asserted. ***See id***.

We agree that N.D.'s nonverbal statement may arguably qualify as non-hearsay on this ground because the effect the statements had on Mrs. Audubor

indeed explains why she became alarmed, and what prompted her to question the juvenile about what he had done, leading to his confession. But this does not end our inquiry.

To the extent that the disputed hand gestures of N.D. were admissible, they were relevant only as to the effect they had on Mrs. Audubor, and they could not be used as evidence that the juvenile in fact committed the crimes described by N.D. The juvenile court recognized in its 1925(a) opinion that N.D.'s nonverbal statements were relied upon for that latter, improper purpose. **See** Juvenile Court 1925(a) Opinion, 4/11/2024, at 8 ("Candidly, the court also considered the nonverbal conduct of N.D. to the foster mother as additional corroboration of the crimes at time of adjudication."). Thus, the juvenile court clearly abused its discretion in admitting the nonverbal statements as evidence of guilt, and this error was clearly prejudicial, notwithstanding any limited relevance the statements may have had.

In his second claim and third claims, which we address together, the juvenile invokes the corpus delicti rule, arguing that the adjudication of delinquency cannot be sustained solely by an uncorroborated confession.[4]

---

[4] The juvenile's third claim is couched as an issue of evidentiary sufficiency, when in fact, the claim is tied to his statutory corpus delicti grounds for relief. As such, it is unnecessary for this Court to engage in the more conventional sufficiency analysis in which we view all record evidence in the light most favorable to the prevailing party and then determine whether there is sufficient evidence to enable the fact finder to conclude that every element of an offense has been proven beyond a reasonable doubt. **See** **Commonwealth v. Brown**, 52 A.3d 1139, 1153 (Pa. 2012).

The corpus delicti rule places the burden of proof on the Commonwealth to introduce extrajudicial admissions into evidence. ***See Commonwealth v. Reyes***, 681 A.2d 724, 727 (Pa. 1996). To do so, the Commonwealth "must establish by independent evidence that a crime has in fact been committed[.]" ***Id.*** The commission of the crime must be proven by a preponderance of the evidence in order for a confession to be admissible. ***See id***.

"The purpose of the corpus delicti rule is to guard against 'the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed.'" ***Id***. (quoting ***Commonwealth v. Turza***, 16 A.2d 401, 404 (Pa. 1940)). Where the requirements of the corpus delicti rule have not been met, a case cannot be submitted to the finder of fact. ***See Commonwealth v. Edwards***, 555 A.2d 818, 823 Pa. 1989) (holding that "a criminal conviction may not stand merely on the out of court confession of one accused, and the thus a case may not go to the fact finder where independent evidence does not suggest that a crime has occurred.").

"Simply put, the Commonwealth cannot convict a defendant solely upon their confession." ***Interest of G.E.W.***, 233 A.3d 893, 901 (Pa. Super. 2020) (applying corpus delicti rule in a juvenile delinquency proceeding). Further, under 42 Pa.C.S.A. § 6338(b), "**a confession validly made by a child out of court . . . shall be insufficient to support an adjudication of delinquency unless it is corroborated by other evidence**." (Emphasis added).

- 10 -

In the present case, the juvenile confessed to his foster parents that he had engaged in oral sex with his younger sibling, N.D. This confession was prompted by questions from Mrs. Audubor after N.D. used nonverbal hand gestures to depict the act of oral sex. Neither of the Audubors personally observed any indication that the juvenile had committed the acts described by N.D. They merely heard noise coming from the brothers' room, and Mr. Audubor saw the juvenile jumping out of N.D.'s bed while fully clothed.

Since N.D.'s nonverbal statements could not be considered as evidence that the juvenile committed a crime, and no other evidence (apart from the confession) was introduced which showed by a preponderance of the evidence that a crime was in fact committed, the juvenile court erred as a matter of law in ruling that the juvenile's confession was admissible.

By operation of section 6338(b), the inadmissibility of the juvenile's confession, in turn, prevented the juvenile court from finding him delinquent. *See id*. The statute provides that, as a matter of law, a juvenile's uncorroborated confession is insufficient to sustain an adjudication of delinquency. *See* 42 Pa.C.S.A. § 6338(b).

As discussed above, the juvenile's confession was not independently corroborated by any other evidence that the alleged offenses took place. The Audubors testified that they personally witnessed no criminal conduct on the part of the juvenile. It has further been established by our analysis that N.D.'s

nonverbal statements may not be considered as corroboration of the truth of the matter asserted – that the juvenile performed oral sex on N.D.

Thus, under section 6338(b), and in accordance with our decisional law governing the application of the corpus delicti rule, the juvenile's confession was insufficient to support an adjudication of delinquency as to the charged offenses, and the juvenile court's dispositional order cannot stand. ***See*** 42 Pa.C.S.A. § 6338(b); ***see also Commonwealth v. Forman***, 590 A.2d 1282, 1285 (Pa. Super. 1991) ("The evidence presented by the Commonwealth, considered in the absence of Forman's admissions, was insufficient to carry the burden of demonstrating that a crime had, in fact, occurred.").

Dispositional order vacated. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/15/2025</u>