686 A.2d 825

**COMMONWEALTH of Pennsylvania**

v.

**Steven Gerard ZELOSKO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1996.

Filed Dec. 13, 1996.

636

Jan S. Lokuta, Milford, for appellant.

Joseph Kameen, Assistant District Attorney, Milford, for appellee Com.

Before DEL SOLE, BECK and POPOVICH, JJ.

DEL SOLE, Judge:

Appellant Steven Gerard Zelosko was convicted by a jury of Driving under the Influence of Alcohol, 75 Pa.C.S. § 3731(a)(1). He received a sentence of six to twenty-three and one-half months incarceration and was ordered to pay a $350.00 fine. We affirm.

Appellant presents the following issues for our review: (1) whether the trial court erred in admitting Appellant's statements into evidence prior to the Commonwealth's proving the *corpus delicti* of the crime of driving under the influence of alcohol; (2) whether there was sufficient evidence to support Appellant's conviction of driving under the influence of alcohol; (3) whether Appellant's conviction of driving under the influence of alcohol was against the weight of the evidence.

The facts presented at trial reveal the following. Shortly before midnight on April 14, 1995, an Emergency Medical Technician was driving to the scene of an emergency when he saw headlights in a wooded area to the side of the road. The Technician stopped to render assistance and observed Appellant, trying to push a Toyota pick-up truck through the mud. Appellant saw the Technician approaching and rushed into the

vehicle telling the Technician to leave. Appellant attempted to drive the vehicle, but the wheels were spinning in the mud and he only succeeded in hitting a tree. The Technician left the scene and radioed his dispatcher to contact the police.

Two State Troopers were then sent to the scene. They arrived and found Appellant and the truck on the berm of the road. The truck was nearly two thousand feet from the point where it was seen in the woods. Appellant was the only person in the area. The Troopers testified that there were tire marks leading into the woods where the truck apparently struck some trees and tire tracks leading back out of the woods and onto the road. The troopers noticed that Appellant could not keep his balance, had glossy eyes and smelled of alcohol. Appellant failed a subsequent field sobriety test and was placed under arrest. The results of a breathalyzer test indicated that Appellant's blood alcohol level was .158%.

First, Appellant questions whether the trial court properly admitted his statement, "I'm done, I'm done," which he made to the State Troopers who arrived at the scene. Appellant argues that the Commonwealth failed to establish the *corpus delicti* of driving under the influence at any time during the trial and, therefore, the trial court erred in admitting his statements.

In order to establish the *corpus delicti* of the crime of driving while intoxicated, the Commonwealth need only show that someone operated a motor vehicle while under the influence of alcohol. *Commonwealth v. Kasunic*, 423 Pa.Super. 112, 620 A.2d 525 (1993). Concerning the admission of an accused's statement before the establishment of *corpus delicti*, the Pennsylvania Supreme Court has held that the order of proof is a matter within the realm of the trial judge's judicial discretion which will not be interfered with in the absence of an abuse of that discretion. *Commonwealth v. Smallwood*, 497 Pa. 476, 442 A.2d 222 (1982).

Here, the *corpus delicti* was easily established through the circumstantial evidence presented at trial. It is axiomatic that circumstantial evidence alone may be used to

prove the *corpus delicti. Commonwealth v. Hogans,* 400 Pa.Super. 606, 584 A.2d 347 (1990). Appellant was seen by one witness behind the steering wheel of the truck while it was stuck in a wooded area. Then Appellant, possessing a strong odor of alcohol, was witnessed by state troopers leaning on the side of the truck which was back on the road and nearly two-thousand feet from where the truck emerged from the woods. Appellant's breathalyzer test revealed a blood alcohol level fifty percent higher than the legal limit. This evidence adequately establishes Appellant's control of the vehicle while under the influence of alcohol for purposes of satisfying the *corpus delicti* rule. Consequently, his statement was properly admitted.

Next, Appellant questions whether there was sufficient evidence to support his conviction for driving under the influence of alcohol. Appellant argues that the evidence presented by the Commonwealth does not establish that he was incapable of driving safely while he was in control of a vehicle on a highway or traffic way.

The test for sufficiency of the evidence is to view the evidence in the light most favorable to the verdict winner to determine whether the fact finder reasonably could have concluded that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991). In addition, circumstantial evidence is sufficient to sustain a conviction as long as the combination of evidence links the accused to the crime beyond a reasonable doubt. *Id.*

Appellant was convicted under 75 Pa.C.S. § 3731(a)(1) which states:

(a) Offense Defined. A person shall not drive any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving.

In addition to the facts recited above which clearly establish the *corpus delicti* of driving while under the influence of alcohol, the truck had two flat tires and a smashed

front end. When the troopers arrived, Appellant kept repeating, "I'm done, I'm done." The troopers testified that Appellant had a strong odor of alcohol, staggered, and had glassy eyes. In addition, during the field sobriety tests, Appellant said, "I can't even do these tests sober."

This is more than sufficient evidence for the jury to conclude that Appellant was incapable of driving safely due to the influence of alcohol while in control of a vehicle on a highway or trafficway.

Appellant's final issue is whether the verdict was against the weight of the evidence. Appellant specifically argues that his statements were improperly placed before the jury and therefore, the remaining evidence was not weighty enough to support his conviction without his inadmissible statements.

In this Commonwealth, the fact finder is entitled to believe all, part, or none of the evidence. *Commonwealth v. Fahy*, 512 Pa. 298, 516 A.2d 689 (1986). Also, the appellate court is barred from substituting its judgment for that of the finder of fact. *Commonwealth v. Walker*, 540 Pa. 80, 656 A.2d 90 (1995).

Appellant's statements to the troopers were properly placed into evidence, therefore, this argument is moot. However, assuming arguendo that the statements were not admissible, we still find that the evidence was weighty enough to support Appellant's conviction. At trial, the Commonwealth presented one witness who placed Appellant in the woods with the truck; two state troopers who testified that Appellant was outside of the truck and down the road from the place that the truck had entered and exited the woods; and the trooper who administered the breathalyzer test who testified that Appellant's blood alcohol level was .158%.

This evidence, even without the admissions of Appellant, was weighty enough for the jury, as fact finder, to return a verdict of guilt and therefore, this argument is meritless.

Judgment of sentence affirmed.