COMMONWEALTH Of Pennsylvania,
Appellee

v.

Javier CUEVAS, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 14, 2013.

Filed Feb. 7, 2013.

Norris E. Gelman, Philadelphia, for appellant.

David W. Heckler, District Attorney, Doylestown, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., GANTMAN, J., and LAZARUS, J.

OPINION BY LAZARUS, J.:

Javier Cuevas appeals from the trial court's order denying his petition, after a hearing, filed pursuant to the Post Conviction Relief Act (PCRA).[1] Following a non-jury trial, Cuevas was convicted of possession with the intent to deliver,[2] corrupt organizations,[3] possession of drug paraphernalia,[4] criminal use of a communication facility,[5] dealing in unlawful activities,[6] and conspiracy.[7] He was sentenced to serve an aggregate term of 15–30 years in prison, followed by 20 years of probation. Cuevas' convictions stem from his role in a wide-spread drug distribution network, headed by James Beal, throughout Bucks and surrounding counties. We affirm.

By Pennsylvania Superior Court order,[8] the Commonwealth intercepted wire and

---

**1.** 42 Pa.C.S. §§ 9541–46.

**2.** 35 P.S. § 780–113(A)(30).

**3.** 18 Pa.C.S. § 911(b).

**4.** 35 P.S. § 780–113(A)(32).

**5.** 18 Pa.C.S. § 7512(A).

**6.** 18 Pa.C.S. § 5111(A)(1).

**7.** 18 Pa.C.S. § 903.

**8.** On May 24, 2007, our Court issued an order authorizing the interception of the communications. *See* 18 Pa.C.S.A. § 5710 (Grounds for entry of order under this Commonwealth's

electronic communications associated with Beal's cellular telephones that were used in his drug trafficking enterprise.[9] Between May 24, 2007 and June 14, 2007, numerous intercepted telephone conversations occurred between Beal and Cuevas. The content of those conversations was admitted to trial to establish Cuevas' employment and participation in Beal's drug trafficking organization, as well as his status as a supplier of illegal drugs. Prior to trial, defense counsel filed and litigated an unsuccessful motion to suppress these intercepted conversations.

At trial, the court heard and considered several of the intercepted telephone calls between Beal and Cuevas, in which the telephone participants used coded and cryptic language regarding their criminal activity and sales of controlled substances. Detective Michael Mosiniak, an expert in narcotics investigations, testified at Cuevas' trial, interpreting the code words used by Beal, Cuevas and their confederates in these intercepted communications.

Based on information intercepted during the phone conversations with Beal, as well photographic and video surveillance, the authorities executed a search warrant for Cuevas' residence, located at 1911 Pike Street, Philadelphia. Upon searching the premises, the police found: drug paraphernalia, $2,260 in U.S. currency, a loaded Ruger .45 caliber pistol, black bags containing crack cocaine, "Apple" bags[10] containing unused glassine bags, account records of sales to dealers and lower level suppliers, plastic bag heat sealers and bags, boxes of clear vials, two digital scales, baking soda, kitchen utensils with cocaine residue, and a wireless camera.

Cuevas proceeded to a non-jury, waiver trial after which he was found guilty of the aforementioned charges by the Honorable David E. Heckler.

After filing an unsuccessful direct appeal to this Court, Cuevas filed a timely PCRA petition, which the trial court denied. He now appeals and raises the following issues for our review:

(1) Was trial counsel ineffective for failing to request the waiver jurist to apply the *corpus delicti* rules in its deliberations and for failing to argue the *corpus delicti* rules in his summation?

(2) Does the closely[-]related crime exception apply here?

(3) Has Appellant established ineffectiveness of counsel claim?

■ To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. *Commonwealth v. Spotz*, 47 A.3d 63, 76 (Pa.2012) (citation omitted).

Cuevas first claims that trial counsel was ineffective for failing to request that the trial judge instruct himself on the *corpus delicti* rule prior to considering Cuevas' inculpatory recorded statements for purposes of deliberating his guilt or innocence. Without his intercepted and recorded telephone statements, Cuevas asserts that there was no other evidence linking him to Beal's drug ring.

---

Wiretapping and Electronic Surveillance Control Act).

**9.** The police used electronic surveillance, visual surveillance, search warrants, controlled buys, confidential informants, and other information to investigate the suspected "James Beal Corrupt Organization." Affidavit of Probable Cause, 7/17/2007, at 4.

**10.** These are bags that are used in the drug trade.

■ The well-established *corpus delicti*[11] rule provides that "a criminal conviction may not stand merely on the out[-]of[-]court confession of one accused, and thus a case may not go to the fact[-]finder where independent evidence does not suggest that a crime has occurred." *Commonwealth v. Edwards*, 521 Pa. 134, 555 A.2d 818, 823 (1989). This rule is rooted in the hesitancy to convict a person of a crime solely on the basis of that person's statements. *Commonwealth v. Turza*, 340 Pa. 128, 16 A.2d 401, 404 (1940).

■ The *corpus delicti* consists of two elements: (1) the occurrence of a loss or injury, and (2) some person's criminal conduct as the source of that loss or injury. *Commonwealth v. Ware*, 459 Pa. 334, 329 A.2d 258, 274 (1974) (citation omitted). The *corpus delicti* may be proven by circumstantial evidence. *Commonwealth v. Forman*, 404 Pa.Super. 376, 590 A.2d 1282, 1285 (1991).

The crucial determination in applying the *corpus delicti* rule is whether, at the close of the case, the proof of the *corpus delicti* was sufficient to permit the fact finder to consider defendant's admission or confession.

*Commonwealth v. Hogans*, 400 Pa.Super. 606, 584 A.2d 347, 349 (1990) (citations omitted) (emphasis added). The corpus delicti rule is two-tiered; it must first be considered as a rule of evidentiary admissibility using a prima facie standard, and later, under a beyond a reasonable doubt standard, as one of proof for the factfinder's consideration at the close of the case. *Commonwealth v. Reyes*, 545 Pa. 374, 681 A.2d 724, 727–30 (1996).

■ Here, Cuevas' argument focuses on the second tier of the rule, whether the Commonwealth presented sufficient evidence to permit the trial judge to consider the intercepted conversations during the guilt phase of his trial. Applying the rule to the facts at hand, before the trial judge could consider Cuevas' statements, the Commonwealth was required to prove beyond a reasonable doubt that someone had been employed by or associated with an enterprise to conduct a pattern of racketeering activities (the distribution of large quantities of controlled substances) in violation of our Crimes Code.[12] *Common-*

11. The term *corpus delicti* is a Latin phrase that means "body of the crime." *Commonwealth v. Zugay*, 745 A.2d 639, 652 (Pa.Super.2000) (citation omitted).

12. Specifically, the Corrupt Organizations' Statute lists prohibited activities as:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity in which such person participated as a principal, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in the acquisition of any interest in, or the establishment or operation of, any enterprise: Provided, however, That a purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issue held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern of racketeering activity after such purchase, do not amount in the aggregate to 1% of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer: Provided, further, That if, in any proceeding involving an alleged investment in violation of this subsection, it is established that over half of the defendant's aggregate income for a period of two or more years immediately preceding such investment was derived from a pattern of racketeering activity, a rebuttable presumption shall arise that such investment included income derived from such pattern of racketeering activity.

18 Pa.C.S. § 911(b)(1).

*wealth v. Tessel,* 347 Pa.Super. 37, 500 A.2d 144 (1985) (identity of party responsible for act is not part of *corpus delicti;* all that is needed is proof that someone committed crimes charged).

At Cuevas' PCRA hearing, trial counsel, Michael McGovern, Esquire, testified that in addition to the many intercepted calls between his former client and Beal, there was also a substantial amount of physical evidence, including police photographs and videos of Beal visiting Cuevas' home, as well as information gleaned from controlled buys using confidential informants. In addition, drug paraphernalia found in Beal's and Cuevas' homes were unique and identical to one another.

█ Attorney McGovern also indicated that he was familiar with the *corpus delicti* rule at the time he represented Cuevas and that he expected that the trial judge would be familiar with the rule as well. N.T. PCRA Hearing, 3/5/2012, at 10. This is a reasonable presumption. *See Commonwealth v. Davis,* 491 Pa. 363, 421 A.2d 179, 183 n. 6 (1980) (judge, as fact-finder, is presumed to disregard inadmissible evidence and consider only competent evidence). Moreover, Attorney McGovern felt that there was sufficient evidence to present a *corpus delicti* and that if he were to challenge it, it would undermine his credibility with the fact-finder and open up the door for the Commonwealth to present additional evidence to establish his client's guilt. *Id.* at 21. In sum, he did not think arguing the *corpus delicti* rule would be meritorious. *Id.* at 26.

█ We shall not second-guess Attorney McGovern's professional judgment, where he was in the best position to assess the strength of the Commonwealth's case against his client and where the record supports that judgment. Due to the fact that the police had been investigating the suspected drug ring for years, had addi-

tional photographic and video surveillance as well as information from controlled buys, we find that there was proof, beyond a reasonable doubt, of the involvement in a widespread drug enterprise through a pattern of racketeering. Accordingly, the judge properly considered the intercepted conversations when making his ultimate determination of guilt; trial counsel cannot be deemed ineffective. *See Commonwealth v. Pursell,* 508 Pa. 212, 495 A.2d 183, 189 (1985) (counsel cannot be considered ineffective for failure to assert meritless claim).

█ With regard to Cuevas' "closely related crime exception" issue, we note that he conceded at his PCRA hearing that he was confining review to his *corpus delicti* claim. N.T. PCRA Hearing, 3/5/2012, at 32–33, 38–39. Moreover, Cuevas could have raised this issue prior to this stage of the proceedings, but failed to do so. *See* 42 Pa.C.S.A. § 9544(b) (issue is waived under PCRA if petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in prior state post-conviction proceeding). This claim, therefore, is waived.

Order affirmed.