J-S41045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| IN THE INTEREST OF: M.G., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| | No. 156 MDA 2015 |

Appeal from the Order Entered January 13, 2015
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-JV-0000071-2014

BEFORE: ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED JULY 24, 2015**

The Commonwealth appeals from the trial court's order precluding witness testimony regarding Appellee, M.G.'s, alleged confession on the basis of the *corpus delicti* rule.[1] We affirm.

We take the following facts from the trial court's February 20, 2015 opinion and our independent review of the record. On September 22, 2014, the Commonwealth filed a delinquency petition against the fourteen-year-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has certified that the court's order will terminate or substantially handicap the prosecution. (**See** Notice of Appeal, 1/16/15, at 1); **see also** Pa.R.A.P. 311(d).

old[2] Appellee. The petition alleged that Appellee committed rape, rape of a child, involuntary deviate sexual intercourse (IDSI), IDSI with a child, and statutory sexual assault.[3]

On October 24, 2014, the court held an adjudication hearing. The Commonwealth presented two eyewitnesses, thirteen-year-old M.W., and ten-year-old T.C. M.W. and T.C. testified about a game of truth or dare in which the Commonwealth alleges that Appellee committed the above criminal acts[4] against a then six-year old female game participant, C.M.

---

[2] Appellee was thirteen at the time of the alleged crimes. (*See* Affidavit of Probable Cause, 8/25/14, at 1).

[3] 18 Pa.C.S.A. §§ 3121(a)(1), (c); 3123(a)(7), (b); and 3122.1(a)(1), respectively.

[4] The Pennsylvania Crimes Code provides, in pertinent part, that: "A person commits [rape] when the person engages in sexual intercourse with a complainant . . . [b]y forcible compulsion[,]" and is guilty of rape of a child when he "engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3121(a)(1), (c). "Sexual intercourse" is defined in relevant part to include penis to mouth contact, "with some penetration however slight;" and "forcible compulsion" involves "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S.A. § 3101.

An individual is guilty of IDSI "when the person engages in [oral sex] with a complainant . . . who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other[,]" and engages in IDSI with a child if the complainant is less than thirteen years of age. 18 Pa.C.S.A. §§ 3123(a)(7), (b) and 3101. Finally, the Crimes Code defines statutory sexual assault, in pertinent part, as: "engag[ing] in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is . . . four years older but less than eight years older than the complainant[.]" 18 Pa.C.S.A. § 3122.1(a)(1).

Specifically, M.W. testified that, during the game, an individual dared C.M. to "suck [Appellee's] penis." (N.T. Hearing, 10/24/14, at 12). After hearing the dare, M.W. shook her head at C.M. to suggest that she not perform the act, but C.M. responded, "I'm not a P-U-S-S-Y[,]" and moved within one or two feet of Appellee. (*Id.* at 13). At that point, Appellee's pants were on, and M.W. turned away because she did not want to see the dare performed. Between three and five seconds later, M.W. turned back around and Appellee's pants were "[n]ot completely off, but down a little bit." (*Id.* at 16). M.W. "[c]ould [not] see [Appellee's] private parts[.]" (*Id.*). When the Commonwealth asked M.W. if Appellee talked about C.M. "sucking his penis," Appellee's counsel objected on the basis of the *corpus delicti* rule. (*Id.* at 18). The court sustained the objection and directed the Commonwealth that it could "recall the witness later if [it] want[ed] to." (*Id.* at 19). T.C. corroborated M.W.'s version of events.

After discussion with counsel, the court permitted them to submit memoranda of law on the *corpus delicti* issue, and continued the hearing pending its decision. The Commonwealth filed its memorandum on October 31, 2014.[5] On December 23, 2014, the court entered an order denying the Commonwealth's delinquency petition on the basis that it had failed to meet its burden under the *corpus delicti* rule. The Commonwealth filed a motion for reconsideration on January 9, 2015. On January 13, 2015, the court

---

[5] Appellee did not file a memorandum and has not filed a brief in this appeal.

rescinded the December 23, 2014 order and entered a new order finding that the Commonwealth failed to meet its burden of proof under the *corpus delicti* rule, and precluding it from offering testimony regarding Appellee's alleged confession.[6] The Commonwealth timely appealed.[7]

The Commonwealth raises one issue for this Court's review: "Whether the trial court erred in concluding that [it] failed to meet its burden of proof under the *corpus delicti* rule, after [it] met its burden by introducing sufficient circumstantial evidence of closely related crimes[?]"[8]

_____

[6] The trial court's order arguably could potentially implicate double jeopardy concerns. **See In re Morrow**, 583 A.2d 816, 818 (Pa. Super. 1990). However, because Appellee did not raise this issue in the trial court, or file a brief raising it in this Court, it is waived for our review. **See** Pa.R.A.P. 302(a); **Commonwealth v. Colavita**, 993 A.2d 874, 893 (Pa. 2010) (holding that claim of ineffective assistance of counsel based on substantive due process could not be raised *sua sponte* by the Superior Court); **In re J.M.**, 726 A.2d 1041, 1051 (Pa. 1999) (holding it was error for Superior Court to raise and decide issue *sua sponte* when appellant had failed to raise and preserve the issue).

[7] The Commonwealth filed a timely Rule 1925(b) statement on February 6, 2015 pursuant to the trial court's order. **See** Pa.R.A.P. 1925(b). The trial court entered its opinion on February 20, 2015. **See** Pa.R.A.P. 1925(a).

[8] The Commonwealth does not address the closely related crimes exception to the *corpus delicti* rule in the argument section of his brief. (**See** Commonwealth's Brief, at 9-14). Its only reference to the doctrine is in the summary of argument section. (**See id.** at 8). Therefore, it is waived. **See Commonwealth v. Sherwood**, 982 A.2d 483, 497 (Pa. 2009) ("By failing to provide any discussion of the claim with citation to relevant authority, Appellant has waived review of this claim.") (citations omitted).

Moreover, the Commonwealth misapprehends the exception when it states that it "presented circumstantial evidence of a closely related crime of indecent exposure or open lewdness to the crimes charged in the petition to

*(Footnote Continued Next Page)*

(Commonwealth's Brief, at 4).  Specifically, the Commonwealth argues that

"the fact finder [could] at least infer that there was a crime committed[.]"

(Commonwealth's Brief, at 13) (emphasis omitted).  We disagree.

> The well-established *corpus delicti* rule provides that a criminal conviction may not stand merely on the out[-]of[-]court confession of one accused, and thus a case may not go to the fact[-]finder where independent evidence does not suggest that a crime has occurred.  This rule is rooted in the hesitancy to convict a person of a crime solely on the basis of that person's statements.

> The *corpus delicti* consists of two elements: (1) the occurrence of a loss or injury, and (2) some person's criminal conduct as the source of that loss or injury.  The *corpus delicti* may be proven by circumstantial evidence.

> > The crucial determination in applying the *corpus delicti* rule is whether, at the close of the case, the proof of the *corpus delicti* was sufficient to permit the fact finder to consider defendant's admission or confession.

> The *corpus delicti* rule is two-tiered; it must first be considered as a rule of evidentiary admissibility using a *prima facie* standard, and later, under a beyond a reasonable doubt standard, as one of proof for the fact-finder's consideration at the close of the case.

---

*(Footnote Continued)*

which [Appellant] ultimately made admissions to committing . . . ." (Commonwealth's Brief, at 8).  Pursuant to the closely related crimes exception, "where a defendant's confession relates to separate crimes with which he is charged, and where independent evidence establishes the *corpus delicti* of only one of those crimes, the confession may be admissible as evidence of the commission of the other crimes." **Commonwealth v. Dupre**, 866 A.2d 1089, 1099 (Pa. Super. 2005), *appeal denied*, 879 A.2d 1089 (Pa. 2005) (citation omitted).  Here, the Commonwealth's argument would fail because it maintains that Appellee's confession closely relates to crimes with which he was not charged.  (**See** Commonwealth's Brief, at 8).

- 5 -

*Commonwealth v. Cuevas*, 61 A.3d 292, 295 (Pa. Super. 2013), *appeal*

*denied*, 77 A.3d 1258 (Pa. 2013) (citations, quotation marks, and footnote

omitted).

> The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion.

*In re T.B.*, 11 A.3d 500, 504 (Pa. Super. 2010), *appeal denied*, 24 A.3d 864

(Pa. 2011).

> Importantly:

>> . . . An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

>> Our task . . . is one of review, not one of reweighing or assessing the evidence in the first instance.

*Commonwealth v. Prendes*, 97 A.3d 337, 356 (Pa. Super. 2014), *appeal*

*denied*, 105 A.3d 736 (Pa. 2014) (citations omitted).

> Here, the trial court found:

>> . . . [T]the Commonwealth has failed to meet its burden in establishing a *prima facie* case of rape, rape of a child, [IDSI], [IDSI] with a child, and statutory sexual assault. The failure to meet this burden requires that the *corpus delicti* rule protect the confession of [Appellee] regarding the alleged incident.

(Order, 1/13/15, at 1; **see also** Trial Court Opinion, 2/20/15, at 3). We

discern no abuse of discretion.

The total of the Commonwealth's evidence at the adjudicatory hearing was the testimony of two minor eyewitnesses who testified to participating in a game of truth or dare in which an individual dared C.M. to perform oral sex on Appellee.  Testimony established that C.M. moved within one to two feet of Appellee and stated that she was "not a P-U-S-S-Y[,]" (N.T. Hearing, 10/24/14, at 13), but the witnesses did not see C.M. perform the dare. Witness C.W. stated that she looked away from Appellee and C.M. for three to five seconds and, when she turned back around, Appellee's pants were not up all the way, but were not down either.  No part of his body was exposed.

Based on the foregoing facts, and the dearth of evidence from which the court could infer the charged crimes, we conclude that its decision was not the product of "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Prendes**, **supra** at 356.  Accordingly, the court did not abuse its discretion when it precluded the Commonwealth from providing testimony about Appellee's confession under the *corpus delicti* rule.  **See id.**; **Cuevas**, **supra** at 295; **T.B.**, **supra** at 504.  The Commonwealth's issue does not merit relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/24/2015</u>