J-S43027-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLIFFORD TAYLOR GREEN | |
| Appellant | No. 218 WDA 2020 |

Appeal from the PCRA Order Entered February 14, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0015533-2014

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    FILED NOVEMBER 30, 2020

Appellant, Clifford Taylor Green, who is serving a sentence of imprisonment for his conviction under 18 Pa.C.S.A. § 6105 (persons not to possess firearms), appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant claims that trial counsel was ineffective for failing to object, under the corpus delicti doctrine, to the admission of his written confession that he possessed a firearm on October 19, 2014.  We conclude that this argument is devoid of merit, and we affirm.

The following evidence was adduced during trial.  The parties stipulated that Appellant was convicted of third-degree murder in 1998.  In mid-October 2014, Appellant escaped from a correctional facility in Pittsburgh, and a warrant was issued for his arrest.

On October 19, 2014, Borough of Wilkinsburg Police Sergeant Cuiffi was assisting City of Pittsburgh police in searching for Appellant, whom they suspected was in the East Hills section of Pittsburgh. Sergeant Cuiffi received Appellant's description and photograph and learned that he had fled into a wooded area of the East Hills that borders Wilkinsburg. At approximately 8:50 p.m., Sergeant Cuiffi observed Appellant standing in front of a store in the 1700 block of Montier Street. Sergeant Cuiffi radioed other officers for backup and notified them that he located an individual matching Appellant's description.

Sergeant Cuiffi drove past Appellant, turned his vehicle around, and approached Appellant. At that time, Appellant crossed the street and walked toward a Dollar General store. Sergeant Cuiffi parked his vehicle, opened the door, and told Appellant to stop. Appellant ignored Sergeant Cuiffi and entered the Dollar General store.

Officers Hamlin and Waz arrived on the scene and assisted Sergeant Cuiffi in setting up a perimeter around the Dollar General store. Sergeant Cuiffi covered the rear entrance, Officer Waz covered the front entrance, and Officer Hamlin covered the side entrance. Videotape surveillance footage depicted Appellant entering the store and bearing to the left. About one minute after entering, Appellant walked to the back of the store, through double doors, into a storage area, and out the side door. Appellant was inside the store no longer than a minute when he then exited through a storage area

that led into the parking lot. Officer Hamlin took Appellant into custody. The officers recovered a small amount of cocaine from Appellant's front right pants pocket. Following the search, Officer Waz transported Appellant to the police station.

Sergeant Cuiffi entered the Dollar General store after Appellant's arrest and a store employee, Addie Thorn, told him that a firearm had been located on one of the shelves.[1] The sergeant accompanied Thorn to that shelf and recovered a semiautomatic weapon. According to the affidavit of probable cause appended to the criminal complaint, which the Commonwealth submitted into evidence during Appellant's stipulated non-jury trial, Appellant had been seen walking down the first aisle, the same aisle in which the firearm was located.

At the police station, Appellant was read his Miranda[2] rights and signed a Miranda rights waiver form. Sergeant Cuiffi questioned Appellant about the firearm, and Appellant provided a written statement that he found the firearm in the East Hills woods and discarded it in the Dollar General store because the police were following him.

_____

[1] In its opinion filed during Appellant's direct appeal, the trial court stated that Thorn had cleaned the shelf before Appellant entered the store, and there was no firearm present at that time. The Commonwealth, however, did not introduce these facts into evidence during Appellant's trial; it mentioned these details only during closing argument. Since these facts were not admitted as evidence, we do not take them into account in this decision.

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

Approximately one hour later, Appellant called for Sergeant Cuiffi and requested to add something to his statement. Sergeant Cuiffi provided Appellant a new statement form, wherein Appellant provided a statement that omitted mention of a firearm and ended with a request for an attorney. Prior to that time, Appellant had not requested an attorney. Appellant did not have a license to carry a firearm.

Appellant was charged with persons not to possess firearms (18 Pa.C.S.A. § 6105), carrying a firearm without a license (18 Pa.C.S.A. § 6106) and possession of a controlled substance, cocaine (35 P.S. § 780-113(a)(16)). The trial court held a hearing on Appellant's motion to suppress his custodial statement and denied the motion. The case proceeded to a non-jury trial in which the parties stipulated to admission of the testimony taken during the suppression hearing as well as several exhibits, including his custodial statement and the affidavit of probable cause underlying the criminal complaint. Appellant also gave additional testimony in his defense. Following the conclusion of trial, the court found Appellant guilty of all charges.

The court sentenced Appellant to concurrent terms of three to six years' imprisonment on the Section 6105 and Section 6106 charges and one to two years' imprisonment on the drug possession charge. On direct appeal, this Court reversed the conviction on the Section 6106 charge due to the Commonwealth's failure to prove that Appellant concealed the firearm. Commonwealth v. Green, 2015 WL 4150473, *4 (Pa. Super., Sep. 19,

2017). Appellant also argued that the corpus delicti doctrine barred the admission of his custodial statement. We held that Appellant waived this argument by failing to raise it in the trial court, and we dismissed this claim without prejudice to Appellant's right to raise it in a PCRA petition. Id. at *5. On February 15, 2018, our Supreme Court denied Appellant's petition for allowance of appeal. Appellant did not appeal to the United States Supreme Court.

On May 16, 2019, Appellant filed a timely PCRA petition[3] arguing that (1) trial counsel was ineffective for failing to object to admission of his custodial statement during trial under the corpus delicti doctrine, and (2) the trial court imposed an illegal sentence on Appellant's drug possession charge. Subsequently, Appellant filed an amended PCRA petition through counsel. The PCRA court held that Appellant's sentence on the drug possession charge exceeded the statutory maximum.[4] On January 22, 2020, the PCRA court issued a notice of intent to dismiss the remaining argument in Appellant's amended PCRA petition, the corpus delicti claim. The court reasoned:

> [T]he evidence admitted at [Appellant's] stipulated non-jury trial clearly established, albeit circumstantially, that [he] was the individual who possessed and placed the firearm on the shelves of

_____

[3] Appellant's judgment of sentence became final on May 16, 2018, his deadline for appealing to the United States Supreme Court. 42 Pa.C.S.A. § 9545(b)(3). The PCRA's one-year statute of limitations began running on this date. 42 Pa.C.S.A. § 9545(b)(1). Appellant filed his PCRA petition on the last day for doing so under Section 9545(b)(1).

[4] This ruling is not in question in this appeal.

the Dollar General Store on the date is question. Additionally, there was no dispute during the stipulated non-jury [trial] that [Appellant] had been previously pled guilty to third degree murder and as such, was not a person legally permitted to possess a firearm due to that conviction.

Notice of Intent, 1/22/20, at 3.

On February 14, 2020, the PCRA court entered an order of dismissal. Appellant filed a timely appeal to this Court. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement or file a Pa.R.A.P. 1925(a) opinion. The absence of a Rule 1925 opinion does not hamper appellate review, however, because the PCRA court provided the above-referenced reasons for denying the corpus delicti argument in its notice of intent.

Appellant raises a single issue in this appeal:

Whether the PCRA Court erred in summarily dismissing [Appellant's] contention that trial counsel was ineffective in waiving and failing to assert or otherwise preserve a meritorious pretrial and trial corpus delicti challenge to the admission of [Appellant's] pretrial confession which acknowledged possession of a firearm, where that confession was the only evidence presented by the prosecution on the essential elements of possession and identity.

Appellant's Brief at 5.

Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Maxwell, 232 A.3d 739, 744 (Pa. Super. 2020). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Id. "This Court grants great deference to the findings of the PCRA court, and

we will not disturb those findings merely because the record could support a contrary holding." Id. In contrast, we review the PCRA court's legal conclusions de novo. Id.

Appellant argues that trial counsel was ineffective for failing to raise a corpus delicti objection to the introduction of his confession admitting that he possessed a firearm and discarded it at the Dollar General store. To obtain relief on a claim of ineffective assistance of counsel, Appellant must prove that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his actions or failure to act; and (3) the petitioner was prejudiced by counsel's deficient performance such that there is a reasonable probability that the result of the proceeding would have been different absent counsel's error or omission. Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." Commonwealth v. Busanet, 54 A.3d 35, 45 (Pa. 2012). Counsel is presumed to have rendered effective assistance. Commonwealth v. Sepulveda, 55 A.3d 1108, 1117 (Pa. 2012).

The corpus delicti rule provides that "a criminal conviction may not stand merely on the out-of-court confession of one accused, and thus a case may not go to the fact-finder where independent evidence does not suggest that a crime has occurred." Commonwealth v. Cuevas, 61 A.3d 292, 295 (Pa. Super. 2013). The rule exists because courts are hesitant to convict a person

of a crime solely on the basis of his statements. Id. The corpus delicti, or "body of the crime," consists of two elements: (1) the occurrence of a loss or injury, and (2) some person's criminal conduct as the source of that loss or injury. Id. The corpus delicti may be proven by circumstantial evidence. Id.

> Establishing the corpus delicti
>
> is a two-step process. The first step concerns the trial judge's admission of the accused's statements and the second step concerns the fact finder's consideration of those statements. In order for the statement to be admitted, the Commonwealth must prove the corpus delicti by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the corpus delicti beyond a reasonable doubt.

Commonwealth v. Murray, 174 A.3d 1147, 1154 (Pa. Super. 2017). To be clear, the second step is satisfied by proof beyond a reasonable doubt that loss or injury occurred and that "some person's criminal conduct [w]as the source of this loss or injury." Commonwealth v. Chambliss, 847 A.2d 115, 119 (Pa. Super. 2004).

Appellant contends that the Commonwealth failed the second step because it did not establish the corpus delicti beyond a reasonable doubt. Section 6105, a provision in the Uniform Firearms Act (18 Pa.C.S.A. §§ 6101-6128), provides in relevant part:

> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess . . . a firearm in this Commonwealth.

(b) Enumerated offenses.—The following offense shall apply to subsection (a):

* * *

Section 2502 (relating to murder).

18 Pa.C.S.A. § 6105. Third-degree murder is one of three categories of murder within Section 2502. 18 Pa.C.S.A. § 2502(c). Applying the corpus delicti rule to this statute, the Commonwealth had to prove two elements through non-confession evidence beyond a reasonable doubt for the factfinder to consider Appellant's confession in its verdict: (1) someone possessed a firearm, and (2) whoever did so was convicted of a crime listed in Section 6105(b).

The PCRA court concluded, in so many words, that Appellant's corpus delicti argument was a red herring, because the non-confession evidence not only established the corpus delicti (the body of the crime) but proved Appellant's guilt under Section 6105 beyond a reasonable doubt. We agree. The evidence, viewed in the light most favorable to the Commonwealth, would have been sufficient to establish Appellant's guilt under Section 6105 even if the trial court did not take his confession into account.

There is no dispute that Appellant was convicted of a crime listed in Section 6105(b), third-degree murder. Furthermore, the non-confession evidence demonstrates that Appellant was in constructive possession of the firearm.

To prove the element of possession when the defendant does not have actual possession of an item at the time of arrest, the Commonwealth must establish constructive possession of the item. Commonwealth v. Parrish, 191 A.3d 31, 36 (Pa. Super. 2018). Constructive possession

> is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. . . . We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. . . . To aid application, we have held that constructive possession may be established by the totality of the circumstances.

Commonwealth v. Cruz, 21 A.3d 1247, 1253 (Pa. Super. 2011). The Commonwealth can prove constructive possession with circumstantial evidence. Commonwealth v. Johnson, 26 A.3d 1078, 1094 (Pa. 2011). A defendant's mere presence at the scene, however, does not establish constructive possession of contraband. Commonwealth v. Vargas, 108 A.3d 858, 869 (Pa. Super. 2014) (en banc); see also Parrish, 191 A.3d at 37 (location and proximity of actor to the contraband alone is not conclusive of guilt).

Here, a chain of circumstantial, non-confession evidence establishes Appellant's constructive possession of the firearm. A police sergeant saw Appellant on a public street and recognized him as a fugitive from a correctional facility. The sergeant directed Appellant to stop, but Appellant ignored him and entered a Dollar General store. The store's surveillance

videotape showed that Appellant turned left upon entering the store and walked down the first aisle. After less than a minute, Appellant attempted to leave the store through a side door, but a second police officer apprehended him. Appellant's flight from the sergeant and his attempt to evade capture signify his consciousness of guilt. Commonwealth v. Hargrave, 745 A.2d 20, 23 (Pa. Super. 2005) ("[f]light does indicate consciousness of guilt, and a trial court may consider this as evidence, along with other proof, from which guilt may be inferred"). A store employee informed the sergeant that a firearm had been located on one of the shelves. The sergeant recovered the firearm from a shelf in the first aisle, where Appellant had been seen walking minutes earlier. Viewed together, the evidence of (1) Appellant's recent escape from a correctional facility, (2) his flight after the sergeant directed him to stop, (3) his attempt to escape through the side door of the store, and (4) the discovery of the firearm on the path that Appellant had taken through the store moments earlier demonstrates Appellant's constructive possession of the firearm beyond a reasonable doubt. See Commonwealth v. Roberts, 133 A.3d 759, 767-68 (Pa. Super. 2016) (evidence was sufficient for jury to conclude that two bags of cocaine were dropped by defendant during pursuit by police officers, and therefore was sufficient to prove constructive possession as element of possession with the intent to deliver controlled substance; officers did not discover cocaine on defendant's person, but officer testified that he backtracked defendant's path during chase in attempt to find

his dropped radio, and that, in area where he observed defendant run around parked vehicle, he found cell phone with picture of defendant as screen saver and bags of cocaine).

Appellant argues that the evidence did not prove possession because the store was open to the public, so some visitor other than Appellant might have brought the firearm into the store. We find this argument speculative. There is no evidence that anybody else was in the aisle that Appellant passed through at or near the time of these events. Indeed, there is no evidence that any other person visited the store that day (or, indeed, on any other day). Absent such evidence, we cannot infer that another visitor brought the firearm into the store.

For these reasons, we conclude that Appellant's claim of ineffective assistance lacks arguable merit. Since it fails this prong, we need not consider the remaining two prongs of the ineffectiveness test. Busanet, 54 A.3d at 45. The PCRA court correctly determined that Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2020