J-S03011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODNEY GEORGE LONG | : | |
| | : | |
| Appellant | : | No. 376 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 11, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004703-2019

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED FEBRUARY 09, 2021**

Appellant, Rodney George Long, appeals from the February 11, 2020 Judgment of Sentence entered in the Allegheny Court of Common Pleas following his convictions for Driving Under the Influence ("DUI") and Driving While Operating Privilege is Suspended ("DWS").[1]  Upon careful review, we affirm.

The factual and procedural history is as follows.  On March 12, 2019, Appellant and Mr. Toth[2] were occupants of a vehicle involved in a two-vehicle accident after Suzette Mantilla backed her vehicle out of a driveway into traffic, and collided with Appellant's vehicle.  Collier Township Police Officer

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1) and 1543(a).

[2] Mr. Toth's first name does not appear in the record.

John Vojtko and Sergeant Robert Ferrence, who had five and thirty years of experience as police officers respectively, responded to the scene of the accident to find that all parties had already exited their vehicles. Officer Vojko smelled a strong odor of alcohol emanating from Mr. Toth. Both officers observed that Mr. Toth was unable to form sentences, unable to stand steadily, and appeared to be extremely intoxicated. Sergeant Ferrence testified that Mr. Toth was more intoxicated than Appellant and that Mr. Toth could not have operated a motor vehicle in his condition. N.T. 2/1/20 at 34-35. Both officers smelled an odor of alcohol coming from Appellant and Sergeant Ferrence observed that Appellant had bloodshot, glassy eyes and was slurring his speech. Appellant informed Officer Vojtko and Sergeant Ferrence that he was operating the vehicle when it crashed because he and Mr. Toth "had been out on the town drinking" and Mr. Toth became too intoxicated to drive. *Id*. at 25. Sergeant Ferrence asked Appellant to perform field sobriety tests and submit to chemical testing. Appellant refused both, and the officers placed Appellant under arrest.

Following a bench trial on February 11, 2020, where the trial court heard testimony from Officer Vojtko and Sergeant Ferrence, the trial court found Appellant guilty of DUI and DWS. The court sentenced Appellant to four days to six months' incarceration.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the court below err when it first admitted and then considered, during Appellant's non-jury trial, Appellant's extrajudicial statement indicating that he was the driver of a car that collided with another car and discussing the circumstances of how he came to be that driver (with that statement being precluded from admission and considering under Pennsylvania's *corpus* [*delicti*] rule given the failure of the Commonwealth's non-confession evidence to establish that the crimes of [DUI] and [DWS] had been committed by some person)?

Appellant's Br. at 3.[3]

In Appellant's sole issue, he avers that the trial court erred in admitting and considering his extrajudicial statement to Officer Vojtko and Sergeant Ferrence that he was operating the vehicle rather than Mr. Toth. *Id*. at 11. He contends that the admission and consideration of his statement violates the *corpus delicti* rule with respect to both charges. *Id*.

The admission of evidence is within the sound discretion of the trial court and this Court will not reverse absent a showing that the trial court clearly abused its discretion. ***Commonwealth v. Tyson***, 119 A.3d 353, 357 (Pa. Super. 2015). An abuse of discretion "is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record." ***Commonwealth v. Cameron***, 780 A.2d 688, 692 (Pa. Super. 2001) (citation omitted).

In Pennsylvania, the *corpus delicti* rule provides that a criminal conviction may not stand merely on the out-of-court statement of the accused

---

[3] We admonish Appellant's counsel for filing this Brief late after this Court granted Appellant four extensions. Nevertheless, in the interest of judicial economy, we will address the merits of this appeal.

and a case may not go to the fact-finder unless independent evidence suggests that a crime has occurred. *Commonwealth v. Cuevas*, 61 A.3d 292, 295 (Pa. Super. 2013). The *corpus delicti* rule "seeks to ensure that the Commonwealth has established the occurrence of a crime before introducing the statements or confessions of the accused to demonstrate that the accused committed the crime." *Commonwealth. v. Taylor*, 831 A.2d 587, 590 (Pa. 2003).

The *corpus delicti* literally means the body of the crime; it consists of proof—by direct or circumstantial evidence—that the criminal conduct of someone caused a loss or injury to occur. *Commonwealth v. Young*, 904 A.2d 947, 956 (Pa. Super. 2006). "The criminal responsibility of the accused for the loss or injury is not a component of the rule." *Id*. (citation omitted). In other words, the identity of the party responsible for the act is not part of *corpus delicti*. *Commonwealth v. Tessel*, 500 A.2d 144, 146-47 (Pa. Super. 1985). "In order to establish the *corpus delicti* of the crime of [DUI], the Commonwealth need only show that someone operated a motor vehicle while under the influence of alcohol." *Commonwealth v. Zelosko*, 686 A.2d 825, 826 (Pa. Super. 1996).

"A trial court applies the *corpus delicti* rule in two phases[.]" *Commonwealth v. Bullock*, 170 A.3d 1109, 1118 (Pa. Super. 2017). The first phase involves the trial court's **admission** of the defendant's statement, while the second phase involves the court's **consideration** of that statement to determine guilt or innocence. *Id*. First, the Commonwealth must prove

the *corpus delicti* by a preponderance of the evidence to admit the statement. *Id*. Next, in order for the trial court to consider the statement, the Commonwealth must prove the *corpus delicti* beyond a reasonable doubt. *Id*.

Finally, Pennsylvania has adopted the "closely related crimes" exception to the *corpus delicti* rule, which "provides that where a defendant's confession relates to separate crimes with which he is charged, and where independent evidence establishes the *corpus delicti* of only one of those crimes, the confession may be admissible as evidence of the commission of the other crimes." *Commonwealth v. Dupre*, 866 A.2d 1089, 1098-99 (Pa. Super. 2005).

Here, the trial court properly admitted Appellant's out-of-court statement disclosing that he was the driver of the vehicle. The trial found that the Commonwealth established the *corpus delicti* of the crime of DUI by a preponderance of the evidence prior to admitting Appellant's statement. The trial court opined:

> The *corpus delicti* of the DUI offense was established prior to the admission of [Appellant]'s statement. Police officers responded to the scene of the accident in this case and began speaking to various people. In assessing the situation, officers determined that [Appellant] and Mr. Toth had been the occupants of one of the motor vehicles involved in the accident. Mr. Toth was far too intoxicated to have been driving. [Appellant] smelled of alcohol, had glassy, bloodshot eyes and was slurring his speech. It was reasonable for the officers to believe [Appellant] had been driving the vehicle at the time of the accident due to the fact that Mr. Toth could not have driven the vehicle. At this juncture, this Court believes that the *corpus delicti* of the DUI offense had been established by a preponderance of the evidence.

Trial Ct. Op., filed 7/14/20, at 7-8. Our review of the record supports the trial court's findings.

Moreover, we agree with the trial court's conclusion that "consideration of that statement in rendering the verdict in this case was permissible." *Id*. The Commonwealth presented sufficient circumstantial evidence to demonstrate the *corpus delicti* of DUI beyond a reasonable doubt. Prior to considering Appellant's statement, the trial court heard testimony from both Officer Vojtko and Sergeant Ferrence that Appellant and Mr. Toth, who were both occupants of one of the vehicles involved in a two-car accident, were extremely intoxicated. This evidence was adequate to prove beyond a reasonable doubt that "someone operated a motor vehicle while under the influence of alcohol." *Zelosko*, 686 A.2d at 826. Accordingly, the Commonwealth established the *corpus delicti* for DUI, and the trial court did not abuse its discretion when it admitted, and later considered, Appellant's out-of-court statement confessing that he was the driver of the vehicle.

Moreover, pursuant to the "closely related crimes" exception discussed above, Appellant's confession was admissible as evidence of the commission of DWS, the other crime the Commonwealth charged Appellant with as part of the same criminal incident.

In conclusion, the Commonwealth established the *corpus delicti* of DUI and, therefore, the trial court did not abuse its discretion when it admitted and considered Appellant's out-of-court confession that he was the driver of the vehicle prior to convicting Appellant of DUI and DWS.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2021